**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| **LAMAR A. WILLIAMS,** | * |  |
| **Plaintiff** | * |  |
| **v.** | * | **CIVIL NO.  JKB-17-0066** |
| **BALTIMORE COUNTY GOVERNMENT** *et al.*, | * |  |
| **Defendants** | * |  |

\* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM  AND  ORDER**</u>

Plaintiff Lamar A. Williams *pro se* filed this case alleging employment discrimination and denial of a reasonable accommodation for a disability.  (Compl., ECF No. 1.)  At the end of his complaint, Williams requested the entire case "be sealed due to the sensitive and confidential nature of its contents."  (*Id.*).  The Clerk of Court temporarily sealed the case pending an order of the Court to continue the case under seal or not.  (Dkt. Jan. 9, 2017.)  The undersigned then ordered Williams to "file a memorandum explaining why under controlling law this case should be sealed."  (Order, Jan. 11, 2017, ECF No. 3.)

Williams responded with a "Memorandum in Support of Protective Order and Motion for Discovery" that cited a Maryland statute regarding a public records custodian's duty to "deny inspection of the part of a public record that contains medical or psychological information about the plaintiff."  (Mem. 1, Feb. 7, 2017, ECF No. 6 (citing Md. R. 16-905(a)(5) & (b); "Maryland General Assembly General Provisions Article, Title 4-329(b)(1)")).  Williams also cited the Privacy Act of 1974, 38 U.S. Code § 7332 and 31 C.F.R. § 501.733, to support his request that this Court "order the defendant to retrieve any confidential information regarding the plaintiff

that was disseminated to any individual or agency without the plaintiff's consent and was improperly used to justify the illegal actions of the defendant." (Mem. 2.) He also cites these same provisions to support his request

> that this court den[y] inspection of all confidential information & evidence and keep under seal any documents, evidence or personnel records of the plaintiff that will likely subject him to from [*sic*] annoyance, threat, oppression, an undue burden or expense, or the disclosure of information that would be or might reasonably lead to a disclosure of the plaintiff[']s confidential medical information and personnel records.

(*Id.*)

The Court denied Williams's motion for the reason that his request is overbroad and no justification exists for sealing the entire case. (Order, Feb. 8, 2017, ECF No. 8.) Instead of unsealing the case then, the Court directed the parties to confer and reach agreement as to which particular documents should be sealed. (*Id.*) At that point in the case, no service of process had occurred on the two named Defendants. As of this date, service has still not occurred, based upon what is in the docket.

Since then, Williams has filed a "Memorandum of Statement Claims" (ECF No. 10), another "Memorandum in Support of Protective Order and Motion for Discovery" (ECF No. 11), a "Memorandum in Support of Motion to Amend Statement of Claims" (ECF No. 13), and a "Memorandum in Support of Request to Partially Seal and Motion for Discovery" (ECF No. 14). The Court construes the "Memorandum of Statement Claims" as a supplement to Williams's complaint and concludes no ruling on it is necessary.

The second "Memorandum in Support of Protective Order and Motion for Discovery" is, again, overbroad; it is also not a proper motion under the governing procedural rules insofar as it is seeking discovery. No scheduling order has yet been entered in this case, and no discovery requests may be served on Defendants until a scheduling order has been entered. Local Rule

104.4 (D. Md. 2016).[1]  Further, discovery requests are not to be filed with the Court.  Local Rule 104.5.  Insofar as this document may be construed as seeking a protective order, Williams must comply with Federal Rule of Civil Procedure 26(c) and Local Rule 105.11.  He must confer with the other parties in the case before seeking a protective order; this was the reason the Court directed the parties to confer and reach agreement as to specific parts of the record to be sealed.  That order remains valid.  To date, Williams has not justified his request to seal the case.  The case will be unsealed on May 1, 2017.  Prior to that time, Williams may file a motion to withdraw from the docket any documents he does not want to be made public.  He should understand that such withdrawn documents will not be considered by the Court in resolving the case.

Further, even to the extent Williams may arrive at an agreement with Defendants for a protective order of materials produced in discovery, such an agreement does not entitle him to have any protected materials sealed in the Court's records when those materials are relied upon in, or used to oppose, a dispositive motion.  In the event that additional protection is sought at that juncture, then the party seeking sealing must file a motion to seal a particular document and explain why sealing is in the public interest and whether less restrictive measures, such as redaction, may be employed to protect confidential information.  *See generally Va. St. Police v. Washington Post*, 386 F.3d 567 (4th Cir. 2004).  If Williams places his claimed disability at issue in the case, the likelihood of sealing documents pertaining to his disability may be diminished.

The "Memorandum in Support of Motion to Amend Statement of Claims" is construed as a motion for leave to amend his complaint.  According to Federal Rule of Civil Procedure 15(a), no motion is needed for Williams to amend his complaint at this time because service has not yet

---

[1]  Although Williams is proceeding *pro se* and is, therefore, entitled to have his filings liberally construed, he must still comply with all governing rules.  Links to the Federal Rules of Practice and Procedure and the Local Rules may be found on the Court's website.

been made on Defendants; consequently, the motion is moot. His most recent Amended Statement of Claims (ECF No. 13), however, is now considered the operative complaint in the case. For that reason, Williams shall ensure that a copy of it is served upon each Defendant. To that end, Williams should note Local Rule 102.1.c's requirement of a certificate of service on other parties for each document he files; the certificate shall be included at the end of the document. The Court also notes that at the end of his Amended Statement of Claims, Williams has included a motion for discovery. For the reasons stated above as to his other motions for discovery, the motion is denied.

Finally, his "Memorandum in Support of Request to Partially Seal and Motion for Discovery" is denied for reasons stated previously.

In conclusion, the following is hereby ORDERED:

1. Plaintiff's Memorandum in Support of Protective Order and Motion for Discovery (ECF No. 11), construed as a motion for protective order, is DENIED WITHOUT PREJUDICE; construed as a motion for discovery, it is DENIED.

2. Plaintiff's Memorandum in Support of Motion to Amend Statement of Claims (ECF No. 13), construed as a motion for leave to amend the complaint, is MOOT. Plaintiff's Amended Statement of Claims is accepted as filed as Plaintiff's Amended Complaint.

3. Plaintiff's Motion for Discovery (ECF No. 13) is DENIED.

4. Plaintiff's Memorandum in Support of Request to Partially Seal and Motion for Discovery (ECF No. 14), construed as a motion for partial sealing, is DENIED WITHOUT PREJUDICE; construed as a motion for discovery, it is DENIED.

5. This case will be unsealed on May 1, 2017. Prior to that time, Williams may file a motion to withdraw from the docket any documents he does not want to be made public.

DATED this 23rd day of March, 2017.

                                        BY THE COURT:


                                        _____/s/_____
                                        James K. Bredar
                                        United States District Judge