# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **LAMAR A. WILLIAMS,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-0066 |
| **BALTIMORE COUNTY GOVERNMENT** *et al.*, | * | |
| Defendants | * | |

## MEMORANDUM AND ORDER

Plaintiff Lamar A. Williams filed this suit on January 9, 2017, and concurrently asked that the entire case be sealed. (Compl., ECF No. 1.) The Clerk temporarily sealed the case pending the Court's order on the sealing request. (Dkt. Jan. 9, 2017.) In response to the Court's order directing Williams to file a memorandum explaining why the case should be sealed under controlling law, Williams filed several documents, but none justified his request to seal the case. (*See* ECF No. 15.) Consequently, the Court ordered the case unsealed as of May 1, 2017. (Order, Mar. 23, 2017, ECF No. 15.) The Court also ordered that Williams's "Amended Statement of Claims" (ECF No. 13) be accepted as the operative complaint in the case, and ordered Williams to ensure its service upon Defendants (Order, Mar. 23, 2017, at 4).

The instant ruling addresses the timing of Defendants' filing of a motion to dismiss (ECF No. 18) and of an answer (ECF No. 20). As of March 23, 2017, when the Court issued its order, nothing on the docket showed service on Defendants. Four days later, the United States Marshal filed the returns on summonses, showing both Defendants were served on March 15, 2017. (ECF No. 16.) Thus, their answers to the original complaint (ECF No. 1) were due to be filed on

or before April 5, 2017. When nothing had been filed by April 5, 2017, the Court issued a standard order to Williams to file a motion for entry of default or to provide a report to the Court why such a motion would be inappropriate. (Order, Apr. 7, 2017.) A few hours later, Defendant Vincent J. Gardina's motion to dismiss the original complaint was docketed. (ECF No. 18.) On April 10, 2017, Defendant Baltimore County Government's answer to the original complaint was docketed. (ECF No. 20.) Thereafter, Williams filed a memorandum opposing Defendants' motion for extension of time to file their answer, supporting his request for an order for default judgment, and requesting an amendment to the summons for Gardina. (ECF No. 21.) Defendants' motion for extension of time was received and docketed on April 17, 2017. (ECF No. 22.)

One of the problems with this case is its unjustified sealing, which will be rectified on May 1, 2017, when the case will be unsealed. Unlike unsealed cases, sealed cases require counsel to mail or hand-deliver paper copies of their filings to the Clerk; in an unsealed case, counsel can simply docket filings electronically. Also, Defendants' counsel is unable to access the electronic file because it is sealed. Defense counsel has, therefore, been put at a disadvantage, through no fault of counsel, by the sealed nature of the case. Beyond that, Williams did not provide a copy of the operative complaint (ECF No. 13) to Defendants until March 28, 2017. (Email Williams to Mayhew, ECF No. 21-1.) Because Williams's amended complaint superseded his original complaint (which is what Defendants most likely received on March 15, 2017), and because Defendants did not receive it until March 28, 2017, Defendants' responsive filings on April 7, 2017, and April 10, 2017, were not untimely. Consequently, Defendants' motion to dismiss (ECF No. 18) and answer (ECF No. 20) are deemed timely filed, and Defendants are not in default. As a result, Williams's motion for default judgment is moot, as is Defendants' motion for extension of time.

Williams has also filed a "Request for Permanent Injunction and Restraining Order Pending Default Judgment Hearing." (ECF No. 24.) This case is not in a posture for the Court to rule on Williams's request to be reinstated to his prior employment with Baltimore County Government. His request is premised upon his motion for default judgment, but that has now been ruled moot. Further, no evidence is before the Court to support Williams's motion for injunctive relief, and he has not satisfied the governing standard for preliminary injunctive relief. *See generally Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. Courts are called upon to balance a plaintiff's claims of injury against the burdens to be imposed upon the defendant, and they must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* at 24. The same standard applicable to preliminary injunctive relief is applicable to the question of whether a TRO should issue. *Long v. Bd. of Educ., Dist. 128*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001); *Perdue Farms, Inc. v. NLRB*, 927 F. Supp. 897, 904 (E.D.N.C. 1996). Williams has not made the requisite showing under *Winter* and, consequently, Williams's motion for injunctive relief will be denied.

Williams "respectfully requests to amend the summons served on Vincent J. Gardina, Director (DEPS) in his 'Official Capacity' rather than his 'Individual Capacity,' pending an ORDER from this Honorable Court to respond to the defendant's Motion to Dismiss." (ECF No. 21 at p. 3.) This request is not entirely clear. If Williams seeks to amend his complaint to plead his claim against Gardina in official capacity as opposed to individual capacity, then he

may seek leave of Court for that purpose. However, given the pendency of Gardina's motion to dismiss (to which Williams's response is due April 24, 2017), it may be advisable for Williams to await the Court's ruling on that motion before filing another motion to amend.[1]  Williams's request for amendment of the summons will be denied without prejudice.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED:

1. Defendants' motion for extension of time to file responsive pleadings (ECF No. 22) IS MOOT.  Defendants' motion to dismiss (ECF No. 18) and answer (ECF No. 20) are deemed timely filed.

2. Plaintiff's motion for default judgment (ECF No. 23) IS MOOT.

3. Plaintiff's motion for permanent injunction and restraining order pending default judgment hearing (ECF No. 24) IS DENIED.

4. Plaintiff's request for amendment of the summons (ECF No. 21) IS DENIED WITHOUT PREJUDICE.

5. The Clerk SHALL MAIL a copy of this memorandum and order to Plaintiff and to Defendants' counsel.

6. The Clerk SHALL MAIL a copy of the Court's memorandum and order, dated March 23, 2017 (ECF No. 15), to Defendants' counsel.

DATED this 18th day of April, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

[1] Should Williams file a motion to amend his complaint, he must follow the Court's Local Rules, including Rule 103.6, which specifically addresses amendment of pleadings. Links to the Local Rules and to the Federal Rules of Civil Procedure are available on the Court's website: http://www.mdd.uscourts.gov/.