**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **LAMAR A. WILLIAMS,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **CIVIL NO.  JKB-17-0066** |
| **BALTIMORE COUNTY GOVERNMENT** *et al.,* | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM  AND  ORDER

Pending before the Court is Plaintiff Lamar A. Williams's "Motion for Privacy Protections Made with the Court."  (ECF No. 33.)  No response is necessary.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2016).  The motion appears to anticipate that Defendants will endeavor to place medical, health, and personnel records into the Court's docket.  As of yet, they have not done so.  The Court has reviewed Defendants' filings and finds nothing therein to fall into the category of medical, health, or personnel records.  Otherwise, the only things in the Court's docket are Williams's own filings and the Court's orders.  Nothing in what has been filed with the Court justifies sealing, and the Court reaffirms its decision to unseal the case on May 1, 2017.  Williams's motion does not ask for withdrawal from the docket of any of his filings or, for that matter, of any other filings.

Going forward, the parties must confer before seeking a protective order.  In the case's current posture, however, a protective order is premature because no discovery has occurred; in

fact, it is still too early for discovery to take place. In addition, the Court repeats what it said in its March 23, 2017, Memorandum and Order:

> Further, even to the extent Williams may arrive at an agreement with Defendants for a protective order of materials produced in discovery, such an agreement does not entitle him to have any protected materials sealed in the Court's records when those materials are relied upon in, or used to oppose, a dispositive motion. In the event that additional protection is sought at that juncture, then the party seeking sealing must file a motion to seal a particular document and explain why sealing is in the public interest and whether less restrictive measures, such as redaction, may be employed to protect confidential information. *See generally Va. St. Police v. Washington Post*, 386 F.3d 567 (4th Cir. 2004). If Williams places his claimed disability at issue in the case, the likelihood of sealing documents pertaining to his disability may be diminished.

(ECF No. 15.)

The Court emphasizes that Williams has chosen to air his grievance in a public forum, the records of which are public records and presumed to be transparent to the public. Only compelling reasons may be considered appropriate justification for sealing any portion of a public record. To date, no compelling reason has been presented to seal either part or all of the instant case's public records. Accordingly, Williams's motion (ECF No. 33) is DENIED.

The Clerk SHALL MAIL a copy of this memorandum and order to Plaintiff and to defense counsel.

DATED this 25th day of April, 2017.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge