IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **LAMAR A. WILLIAMS,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-0066 |
| **BALTIMORE COUNTY GOVERNMENT** *et al.*, | * | |
|  | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Pending before the Court in this case claiming employment discrimination and retaliation are the following motions:

- ECF No. 18—Motion to Dismiss, by Defendant Vincent J. Gardina
- ECF No. 44—Motion to Dismiss Amended Statement of Claims, by Gardina
- ECF No. 60—Motion for Leave to File a Surreply, by Plaintiff Lamar A. Williams
- ECF No. 61—Motion for Leave of Mandate to Mitigate Damages, by Williams, and
- ECF No. 63—Motion to Strike, by Defendant Baltimore County (the "County")

Because Williams's amended complaint (ECF No. 13; *see* Order 4, Mar. 3, 2017, ECF No. 15) superseded his original complaint (ECF No. 1), Gardina's first motion to dismiss (ECF No. 18) is moot. And since no reply was filed by Gardina on his later motion to dismiss, Williams's motion for leave to file a surreply (ECF No. 60) is also moot. Williams's motion for leave of Court for him to be excused from the duty to mitigate his damages (ECF No. 61) is without merit and will be denied.

The motion to dismiss only relates to Gardina inasmuch as the other Defendant, Baltimore County, has answered (ECF No. 43). Gardina's motion rests upon a narrow, and valid, point: He may not be held individually liable under the Americans with Disabilities Act, which is the stated basis for Williams's suit. *See Baird v. Rose*, 192 F.3d 462, 471-72 (4th Cir. 1999) (principle applied to both discrimination and retaliation claims under ADA). For that reason, Gardina's motion will be granted, and the case will proceed against Baltimore County alone.

In the remaining pending motion, Baltimore County has moved to strike allegations that Williams made in his Motion for Leave of Mandate to Mitigate Damages. Williams has filed no opposition to the motion, and the Court finds it meritorious. Consequently, it will be granted, and the Clerk will be directed to seal ECF Nos. 61 and 63.

A separate order will enter in accordance with these rulings.

DATED this 18th day of July, 2017.

                                         BY THE COURT:

                                         _____/s/_____
                                         James K. Bredar
                                         United States District Judge