IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAMAR A. WILLIAMS | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-0066 |
| BALTIMORE COUNTY GOVERNMENT | * | |
| | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

Pending before the Court are several motions filed by Plaintiff Lamar A. Williams. All are without merit and will be denied.

ECF No. 121: Rule 12(f) Motion to Strike the Defendant's Motion for Summary Judgement (ECF No. 104)

Williams says "the controlling law and the amount of facts, entitles [him] to have the defendant's Motion for Summary Judgement stricken from the record." (Pl.'s Mot. Strike 1.) He also complains about the County's conduct before and after he filed suit, and he further complains about the conduct of an attorney who briefly represented him as well as of attorneys who represent the County. (Supp. Mem., ECF No. 124.) He presents to the Court no meritorious basis for striking the motion for summary judgment.

ECF No. 122: Motion to Seal

Williams requests the Court seal the entirety of the County's motion for summary judgment, its supporting memorandum, and all of its exhibits. (Mot. Seal 1.) He complains that they contain confidential information, but never directs the Court to specific parts of the

County's filing that supposedly contain information that should be sealed. The Court has previously explained that sealing a court record must be justified under the governing standard, as expressed in *Va. St. Police v. Washington Post*, 386 F.3d 567 (4th Cir. 2004). (Mem. & Order, Mar. 23, 2017, ECF No. 15.) Williams has failed to satisfy that standard. His motion has no merit.

ECF No. 123: Motion for Relief

In this motion, Williams asks "the Court for a retroactive Order, forbidding the deposition of [Williams] to be submitted or from being admissible before this Court, and granting relief . . . due to Mr. Mayhew's violations of my rights to not give the defendant a deposition and Mr. Morris' failure to file a protective order or at best advise [him] of [his] rights to not give a deposition if [he is] '*pro se*' and without counsel." (Mot. Relief 1.) According to Williams,

> On November 21, 2017 Mr. Mayhew demanded to depose [him] on November 30, 2017 despite his knowledge that [Williams] was without counsel and his full knowledge that not only did [Williams] not have to give a deposition without counsel present but it is [Williams's] understanding, that the deposition could be inadmissible in Court if [Williams] or [his] counsel had submitted a Protective Order if the Notice of Deposition was less than 14-days of the deposition date and the Protective Order was still pending while the deposition was being taken.

(*Id.* 1-2.) Williams cites Rule 32(a)(5) and Rule 26(c)(1) of the Federal Rules of Civil Procedure as giving him the right not to be deposed. He is mistaken. No motion for protective order, as required under Rule 32(a)(5), was filed before November 30, 2017, to prevent the County from deposing Williams on that date. Rule 26(c)(1) specifies the potential bases for requesting a protective order, but does not support Williams's argument because no motion for the same was filed. Williams proceeded *pro se* in this case from its inception on January 9, 2017, until John Morris, Esq., filed his notice of appearance on November 28, 2017. Furthermore, Mr. Morris

2

represented Williams at the deposition. (Def.'s Mot. Summ. J. Ex. 1, Dep. Williams, p. 55, ECF No. 104-3.) This motion is without merit.

ECF No. 126:  [Motion for] Leave to Amend Operative Statement of Claims

In this motion, Williams asks the Court to accept an amended statement of claims. It seems that Williams wants to add a claim for punitive damages of $31 million, to add a claim against defense counsel for defamation, to delete some prior allegations, and to add allegations about the County's and defense counsel's conduct before and after Williams filed suit.

A motion for leave to amend pleadings filed beyond the deadline set forth in the scheduling order will only be granted if it satisfies both the "good cause" standard of Rule 16(b)(4) and the standard of Rule 15(a)(2) for allowing amendment of pleadings.  *See Moses v. Cowan Distrib. Servs., Inc.*, Civ. No. JKB-10-1809, 2012 WL 527657, at *2 (D. Md. Feb. 16, 2012).  *See also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008) (noting tension between Rule 15 and Rule 16; not reaching district court's Rule 15(a) finding of futility because it affirmed district court's Rule 16(b) application of "good cause" standard); *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003) ("once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a)").

Williams has failed to show good cause for amendment.  As to presuit allegations, Williams has not explained why he was unable to include those earlier.  As to postsuit allegations, those do not relate back to the occurrences at issue in the case, which pleads violations of the Americans with Disabilities Act ("ADA"); consequently, they do not belong in the case.  This case has proceeded past discovery and the County's filing of a motion for

3

summary judgment, which is not yet resolved. The case will be either resolved on the evidence of record by summary judgment or, if summary judgment is not granted, resolved at trial. Changing the complaint now will have no effect on further proceedings. The motion is without merit.

ECF No. 132: Rule 56(h) Motion for Contempt or Appropriate Sanctions; Request for Hearing

Williams requests the Court find the County in contempt and order sanctions "due to the defendant's submittal in 'bad faith' confidential documents without the plaintiff's permission, false affidavits, false declarations and attempting to include an order from the lower MD Court of Appeals in order to provoke claim preclusion, *res judicata*, if you will." (Mot. Contempt 1.) He cites Rules 9(b), 56(d), and 56(h) to support his motion, but they do not help him.

Rule 9(b) provides the pleading standard for a fraud claim, which must be pled with specificity. That rule has no relation to the question at hand. Rule 56(d) permits a party to oppose a motion for summary judgment by showing "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." In his motion, Williams complains that Defendant "has yet to provide an electronic copy of the plaintiff's emails, calendar, tasks, [or] an untouched digital copy of the plaintiff's project log among other discovery requests that were made." (Mot. Contempt 3.) Williams never filed a motion to compel production of these items, and the discovery deadline passed on December 1, 2017. It is too late now to complain that something was not provided in discovery. As for Rule 56(h), it permits a court to order sanctions for submission of an affidavit or declaration in bad faith or solely for delay. Williams's bare claim that an affidavit or declaration is false or that it or the County's motion for summary judgment was submitted in bad faith or for the purpose of delay is an insufficient basis for this Court to so hold. This motion has no merit.

ECF No. 142:  [Motion for] Leave to Submit Filings Electronically

Williams has renewed his request for permission to submit his filings electronically, citing the "excessive amount of money and time driving downtown, which also has cost the plaintiff a large sum of money in tolls, gas and parking [ ] to make submittals to this Court . . . ." (Mot. Electronic Filings 1.)  It is not this Court's practice to permit *pro se* litigants to file electronically.  Instead, they must submit a paper copy to the Clerk's Office, either in person or by mail.  Since Williams has the option of mailing his filings, he may use that method instead of driving to the courthouse.  His motion will be denied.

ECF No. 143:  [Motion for] Leave to File a Cross Motion for Summary Judgment

Williams requests leave to file a cross motion for summary judgment in support of his claim that the County violated the ADA.  This request amounts to a request for amendment of the Scheduling Order, entered on July 19, 2017 (ECF No. 70), as amended by subsequent orders.  Changing the Scheduling Order at this late date must be supported by good cause.  Williams has shown none.  The Court has already extended the dispositive motions deadline from January 2, 2018, to January 19, 2018 (ECF No. 103), and twice extended the date of Williams's response so that it was finally due on March 16, 2018 (ECF Nos. 112 & 125).  It is prejudicial to the administration of justice to begin a new round of briefing for a new dispositive motion.  Williams's request comes too late and will be denied.

ECF No. 144:  Motion for Relief from Order No. 117; Request for Hearing

In the referenced order, the Court warned Williams that any future violation of the Court's February 9, 2018, order may be the basis for a contempt proceeding and the imposition of a sanction. (Order Mar. 6, 2018, ECF No. 117.)  The February 9, 2018, order (ECF No. 112) was directed at Williams's repeated *ex parte* contacts with the undersigned's chambers staff and

prohibited him from engaging in such. Further, Williams was barred "from communicating with the Court except in a written and properly filed motion, response to a motion or a court order, or reply on a motion." (*Id.* 2.) He has failed to show how he is prejudiced because he is barred from *ex parte* contacts with chambers staff. Consequently, his current motion will be denied.

Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff's motions (ECF Nos. 121, 122, 123, 126, 132, 142, 143, & 144) ARE DENIED.

2. Plaintiff's request in ECF No. 124 for leave to file a post February 9, 2018, hearing brief, construed as a motion, IS DENIED.

3. The Clerk SHALL MAIL a copy of this memorandum and order to Plaintiff.

DATED this 27th day of April, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge