IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                              |   |                        |
|------------------------------|---|------------------------|
| **LAMAR A. WILLIAMS**        | * |                        |
| Plaintiff                    | * |                        |
| v.                           | * | CIVIL NO. JKB-17-0066  |
| **BALTIMORE COUNTY GOVERNMENT** | * |                    |
| Defendant                    | * |                        |

## MEMORANDUM AND ORDER

In a memorandum and an order dated May 21, 2018, the Court granted Defendant Baltimore County Government's motion for summary judgment. (ECF Nos. 154, 155.) On May 24, Plaintiff Lamar A. Williams filed a document entitled "Notice of Intent to File Rule 59(e) Motion to Alter Judgement (ECF No. 155) Request for Pre-Filing Hearing." (ECF No. 156.) The Court denied Williams's request for a prefiling hearing. (ECF No. 157.) On May 29, he filed a document entitled "Memorandum Re: ECF No. 154 & ECF No. 155." (ECF No. 159.)

This latest filing seems to be a complaint about the Court's decision to grant the County's motion for summary judgment and proffers exhibits, including a copy of a letter signed by Suzanne T. Berger and sent by her to Williams on December 16, 2015, in which the County offered Williams a position as an Engineer II in the Department of Public Works. A hard copy of this letter was provided by Williams to the undersigned's chambers and appears to be a letter with Berger's ink signature and Williams's ink signature with date of December 21, 2015; also on the bottom of the letter is a hand-written paragraph (it is unknown who wrote the paragraph)

in which it is stated that Williams is not waiving his rights under the Americans with Disabilities Act. Williams acknowledges he is just now providing this letter to the Court for the first time and says he wanted to produce it during a court hearing. (Pl.'s Mem. 4-5.)

It is unclear under what Rule of Civil Procedure Williams has filed his "Memorandum," but given his earlier stated intent to file a Rule 59(e) motion to alter or amend the Court's judgment, and given his complaints in his "Memorandum" about the Court's judgment, the Court construes the "Memorandum" as a Rule 59(e) motion. Consequently, the Court applies the prevailing standard for this type of motion in determining whether the motion has merit.

The Fourth Circuit has iterated the standard for consideration of a Rule 59(e) motion to alter or amend a judgment:

> Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."

*Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted).

Williams does not suggest controlling law has changed since the Court's grant of summary judgment. As for the second ground, to the extent the exhibits now presented are intended by Williams to be "new evidence," he has failed to provide a legitimate justification for

2

not presenting them earlier. It is obvious he possessed these exhibits (if they are authentic) well before the Court issued its ruling.[1] Finally, Williams has not persuaded the Court that a clear error of law or manifest injustice resulted from the Court's ruling.

Accordingly, it is hereby ORDERED that Williams's "Memorandum Re: ECF No. 154 & ECF No. 155" (ECF No. 159), construed as a motion to alter or amend the judgment pursuant to Rule 59(e), IS DENIED. Williams's request in ECF No. 158 that the undersigned recuse himself IS DENIED.

DATED this 31 day of May, 2018.

BY THE COURT:

James K. Bredar
Chief Judge

---

[1] Even if the signed offer letter could be considered new evidence, and it cannot be, Williams has not demonstrated that Berger received it or a duplicate of it on December 21, 2015, which was the last day the offer could be accepted.