# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LAMAR A. WILLIAMS | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-0066 |
| BALTIMORE COUNTY GOVERNMENT | * | |
| | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On May 22, 2018, judgment was entered on the docket for Defendant Baltimore County Government. (Order, dated May 21, 2018, ECF No. 155.) Since then, Plaintiff Lamar A. Williams filed a document (ECF No. 156) indicating he intended to file a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e); a document (ECF No. 159) that the Court construed as a Rule 59(e) motion and denied as such (ECF No. 160); a notice of appeal (ECF No. 162) from a returned document order (ECF No. 161); a notice of appeal (ECF No. 164) from an order (ECF No. 157) denying Williams's request for a hearing prior to his anticipated filing of a Rule 59(e) motion (ECF No. 156); a motion (ECF No. 168) to stay execution of the judgment pending his receipt of an EEOC right-to-sue letter pertaining to a new claim against Baltimore County (the Court denied this motion (ECF No. 171)); and an "unredacted document" (ECF No. 169) that appears to be a new EEOC charge of discrimination by Williams against Baltimore County.

Newly filed is Williams's "Motion for Extension of Time to File Rule 59(e) Motion to Alter or Amend Judgment [and] Request for Hearing." (ECF No. 170.) In the body of his

motion, Williams also refers to Rules 60(a), 60(b), and 60(d) and "moves the Court for an Order acknowledging that submitting a Rule 59(e) Motion to Alter or Amend Order ECF No. 155 on or before June 18, 2018, would be moot given the plaintiff's recent Motion to Stay the Execution of ECF No. 155." (*Id.*) In addition, Williams states he "would like for the Court to begin considering relieving the plaintiff of order ECF No. 155 and its memorandum ECF No. 154, because the plaintiff's arguments and complaints have yet to be addressed, acknowledged, recognized, considered or resolved nor has the plaintiff's new EEOC complaint no. 531-2018-02301 been resolved." (*Id.*) Besides repeating earlier complaints about his not receiving requested discovery, about defense counsel and defense witnesses, and about whether he had improved his job performance after the May 12, 2015, reprimand, he also states, "The plaintiff needs time to investigate, how many males in the plaintiff's demographic who are/were *pro se* or plaintiffs represented by counsel, received financial relief and the defendant's, who match the demographic of the defendant(s) and the defendant's counsel; were found guilty of all civil complaints and/or criminal charges." (*Id.* (*sic*).)

To Williams's point of asking the Court to extend time for him to file a Rule 59(e) motion, the Court has no authority to do so. An exception to the Court's power to extend time is expressly stated in Rule 6(b)(2), which forbids the Court from extending the time for filing a Rule 59(e) motion. Consequently, the deadline for filing a Rule 59(e) motion is 28 days from the entry of judgment, as that rule so states. Rule 6(d) permits an additional three days because the Court's order was mailed to Williams on the same date it was filed—May 22, 2018. Thus, in Williams's case, the last date on which he may file a Rule 59(e) motion is June 22, 2018.[1]

---

[1] The Court has already construed one of Williams's postjudgment filings as a Rule 59(e) motion and denied it for lack of merit.

Moreover, Williams's suggestion that his now-denied motion for stay of execution of judgment would somehow moot a Rule 59(e) motion is a contention unsupported by any authority. The time for filing a Rule 59(e) motion is calculated based upon the date of entry of judgment in the Court's docket; the undersigned knows of no basis for altering that calculation based upon whether a motion has been filed to stay execution of judgment. Furthermore, the judgment in this case was merely a determination that Defendant was not liable to Plaintiff. It awarded no damages or injunctive relief or declaratory relief. It is unclear what a stay would accomplish in such circumstances.

Williams has also filed a "Motion to Seal ECF No. 104 as an Unredacted Filing[;] Request for Hearing." (ECF No. 175.) He requests sealing of Baltimore County's motion for summary judgment and its supporting exhibits in their entirety or, alternatively, that Exhibits 3, 4, 5, 8, 10, 11, 12, 14, 15, 16, 17, 20, and 21 be "converted to an unredacted document within ECF No. 104." (*Id.* 1.) His bases for sealing are twofold: "None of these items should be made available for public view," and Exhibits 3, 8, and 20 "have not been subject to any cross-examination or authentication by the plaintiff and should therefore not be made available for public view." (*Id.* 1-2.)

Whether a court document should be sealed requires consideration of the standard set forth in *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567 (4th Cir. 2004). A party's mere desire to keep information confidential does not suffice. Documents submitted to a court to support or oppose a motion for summary judgment can only be sealed if they pass a First Amendment test. *Id.* at 578. Thus, the proponent of sealing such documents must proffer a compelling governmental interest and must show that the proposed sealing is narrowly tailored to serve that interest. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988),

3

*cited in Va. Dep't of State Police*, 386 F.3d at 578. Further, the party requesting sealing must present specific reasons in support of its position. *Id.* at 575. In considering a motion to seal, a district court must give the public both notice of the sealing request and a reasonable opportunity to challenge it. *Id.* at 576. In addition, consideration must be given to alternatives less drastic than sealing. *Id.* Williams has failed to demonstrate a compelling governmental interest to justify sealing of the County's motion for summary judgment or any of its exhibits.

The Court notes that some other documents were filed by Williams as "unredacted," which resulted in the Clerk's temporary sealing of them. (ECF Nos. 134, 145, 150, 169.) But Williams did not submit motions to seal those documents. He must now do so. It is also noted that none of these four documents were submitted in connection with a dispositive motion and, therefore, need not meet the higher bar of First Amendment sealing. Instead, the Fourth Circuit has differentiated between court documents that must be accessible to the press and public on First Amendment grounds and other court documents. *Va. Dep't of State Police*, 386 F.3d at 575 ("the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment'"). Thus,

> The common law presumes a right of the public to inspect and copy all judicial records and documents. This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access, and [t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. Some of the factors to be weighed in the common law balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records. Ultimately, under the common law the decision whether to grant or restrict access to judicial records or documents is a matter of a district court's supervisory power, and it is one best left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.

*Id.* at 575 (citations and internal quotation marks omitted) (alterations in original). Any motion by Williams to seal these documents must address the competing interests under this standard. Further, he must explain why sealing rather than redaction of particular portions of documents is required. He may be able to justify either sealing or redaction, but he must articulate the reasons for that.

For the foregoing reasons, it is hereby ORDERED:

1. Williams's motion to extend the time for filing a Rule 59(e) motion (ECF No. 170) IS DENIED.

2. Williams's motion (ECF No. 175) to seal the County's motion for summary judgment and its exhibits IS DENIED.

3. On or before July 10, 2018, Williams may file a motion to seal the four documents discussed *supra* (ECF Nos. 134, 145, 150, 169). Once response time has passed for any motion to seal, the Court will determine whether they should remain sealed.

DATED this 21st day of June, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge